UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
PATRICIA FALTINE,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER WILLIAM SCHUMACHER
(Shield # 04618), LIEUTENANT JOSEPH
HAYWARD (Tax #923936), DETECTIVE
ROBERT AASHEIM[1], LIEUTENANT
PATTERSON[2] and POLICE
OFFICER(S) JOHN DOE 1-15[3],
                Defendants.
------------------------------------------------------x



COMPLAINT

JURY DEMAND

**CV 13 - 6106**

**BLOCK, J.**

**POLLAK, M.J**

Plaintiff PATRICIA FALTINE (hereinafter "plaintiff"), by her attorney(s) THE LAW

OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF

NEW YORK, POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618),

LIEUTENANT JOSEPH HAYWARD (Tax #923936), DETECTIVE ROBERT

AASHEIM, LIEUTENANT PATTERSON and POLICE OFFICER(S) JOHN DOE 1-15

(collectively referred to as the Defendants), alleges as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to

           the plaintiff under color of statute, ordinance, regulation, custom,

           and/or to redress the deprivation of rights, privileges, and immunities

           secured to the plaintiff by the Fourth, Fifth and Fourteenth

           Amendments to the Constitution of the United States, and by Title 42

           U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and

           statutes of the State of New York].

---

[1] Upon information and well-founded belief, at all relevant times, this officer was assigned to an "Emergency Service Unit" ("ESU") of the New York City Police Department ("NYPD"). His shield and tax identification numbers are presently unknown.
[2] Upon information and well-founded belief, at all relevant times, this officer was assigned to an ESU of the NYPD. His first name, shield and tax identification numbers are presently unknown.
[3] The above-referenced officers, whose identities are presently unknown, upon information and well-founded belief, were and are law enforcement officers employed by the New York City Police Department.

## JURISDICTION

2.      The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.      All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.      All conditions precedent to the filing of this action have been complied with. On August 16, 2012, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 2012PI021135.

6.      At least thirty days have elapsed since the service of the above-
        mentioned notice of claim, and adjustment or payment of the claim
        has been neglected and/or refused.

7.      This action, pursuant to New York State and City Law, has been
        commenced within one year after the happening of the event upon
        which the claim is based.

### THE PARTIES

8.      Plaintiff is a resident of the County of Kings, City and State of New
        York. Plaintiff is an African American female of full age.

9.      At all relevant times POLICE OFFICER WILLIAM
        SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH
        HAYWARD (Tax #923936), DETECTIVE ROBERT AASHEIM,
        LIEUTENANT PATTERSON and POLICE OFFICER(S) JOHN
        DOE 1-15 (hereinafter "defendant officers") were, and upon
        information and belief, still are, law enforcement officers employed
        by the NYPD.

10.     At all times herein, defendant officers were employed as law
        enforcement officers of the City of New York, State of New York,
        and was acting under the color of their official capacity and their acts
        as alleged herein, were performed under color of the statutes and
        ordinances of the City of New York and/or the State of New York.
        Defendant officers were the servants, agents, and employees of their
        co-defendant, the City of New York, so that their acts are imputed to
        the City of New York and its Police Department, the NYPD.

11.     At all relevant times, the defendant City of New York was and is a
        municipal corporation duly organized and existing under the laws of
        the State of New York, and was/is the employer of the defendant
        officers, through the NYPD, and the actions of the defendant officers
        complained of herein were done as part of the custom, practice,
        usage, regulation and/or direction of the City of New York.

12.     Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     The plaintiff's ordeal began on August 14, 2012, at approximately 03:45 a.m., within the premises known as 580 Sutter Avenue, #4B, Brooklyn, New York 11207 (hereinafter "subject premises").

14.     At the above-referenced time and date, the plaintiff resided within the subject premises with her two sons, namely Kiama Faltine and Kijafa Faltine[4], and her two infant grandsons[4], namely Kashaun Faltine (who at the time was six years old) and Kayden Faltine (who at the time was four years old).

15.     That immediately prior to the occurrence involving the plaintiff, the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, had accosted a non-party, namely Nicobia Williams ("Ms. Williams"), ostensibly for trespassing, within the building within which the subject premises is located.

16.     That upon accosting Ms. Williams, the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, had, against Ms. Williams' will, taken her to the front door of the subject premises, and asked her to knock on said door.

17.     That at that time it was the intention of the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, to lure the occupants of the subject premises into opening said front door in response to the knocking, in order that they could forcibly gain entry into the subject premises to conduct an illegal and warrantless search.

---

[4] The children of Kijafa Faltine.

18.        That upon arrival at the front door of the subject premises, Ms. Williams knocked on the front door of the subject premises as instructed and compelled to by the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known.

19.        That upon hearing the knocking the plaintiff's son, namely Kijafa Faltine, who at the time was sleeping on a couch in the living room, went to the front door to inquire as to who was knocking.

20.        That at the time Kijafa Faltine arrived at the front door, he asked who it was, and Ms. Williams responded that she was there to see Kiama Faltine.

21.        However, instead of opening the door at that late hour, Kijama Faltine went to the bedroom that Kiama Faltine was sleeping in, woke Kiama Faltine up, and informed him that there was a woman asking for him at the front door.

22.        That Kiama Faltine, who was not expecting anyone at that time of the day, went to the front door to find out who it was.

23.        That upon arrival at the front door, he asked who it was, and at that juncture heard the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, demand that he open the front door.

24.        That Kiama Faltine and Kijafa Faltine asked why they were being asked to open the door to their premises, and were told by the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, that they wanted to speak with them.

25.     At that juncture, the plaintiff was woken up from sleep by one of her sons, and informed that there were police officers at the front door of the subject premises, demanding that they be allowed entry into the premises.

26.     As such, the plaintiff went to the front door of the subject premises, and asked who was on the other side of the door.

27.     In response, the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, identified themselves as police officers, and demanded that they be allowed entry into the subject premises.

28.     The plaintiff asked why they were demanding entry into the subject premises, and in response, the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, stated to the plaintiff that they wanted to speak with her.

29.     The plaintiff stated that they were speaking to her, and she did not have to let them to enter into her apartment in order for a conversation to take place.

30.     That the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, then started to bang and pound loudly upon the door to the subject premises, and continued to demand that they be given access to the subject premises.

31.     That the plaintiff told the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, that she would not open the

door to the subject premises, and asked said officers if they had a warrant that permitted them access to the subject premises.

32.    That the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, told the plaintiff that they did not have a warrant.

33.    That the plaintiff then told the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, that they should go get a warrant, and that if they returned with one, she would permit them entry into the subject premises.

34.    That the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, informed the plaintiff that they did not need a warrant, because they knew how to gain entry to the subject premises without one.

35.    That the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, continued to bang and pound upon the front door to the subject premises for approximately twenty minutes.

36.    That the plaintiff then informed the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, that their actions were causing her to become distressed and alarmed, and asked them to stop knocking, pounding and banging loudly upon the

front door, as there were also infant children in the subject premises who had also become scared, distressed and alarmed at their actions.

37.    That in fact, the plaintiff's infant grandsons, who were quite distressed, and crying and screaming in fright, were asking their grandmother (the plaintiff) to call the police, not comprehending that the police could act in such an outrageous manner.

38.    The defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, then informed the plaintiff that they would call the emergency medical services to enter into the subject premises so that the plaintiff could obtain medical care.

39.    The plaintiff responded that she did not require medical care, but simply wanted the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, to stop knocking, pounding and banging loudly upon the front door, and leave the occupants of the subject premises alone.

40.    However, the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, followed up on their threat to forcibly gain entry into the subject premises, by enlisting the assistance of ESU, which they obtained under false pretenses, by claiming that the plaintiff was suffering a heart attack, and that her sons would not permit them entry into the subject premises.

41.    That the defendants then commenced what can only be described as a quasi military operation, in order to gain entry into the subject premises.

42.     That ESU, including the defendant officers DETECTIVE ROBERT
AASHEIM and LIEUTENANT PATTERSON arrived at the subject
premises and attempted to break down the front door in order to gain
entry into the subject premises.

43.     That as ESU, including the defendant officers DETECTIVE
ROBERT AASHEIM and LIEUTENANT PATTERSON, were
attempting to forcibly gain entry into the subject premises, the
plaintiff continued to ask that the defendant officers cease their illegal
attempt to forcibly enter into her premises, and as such, were aware
that the plaintiff, who they had been informed was suffering a heart
attack, clearly was not, and was in fact insisting that they cease their
outrageous attempts to gain unlawful entry into the subject premises.

44.     That despite said direct knowledge, ESU, including the defendant
officers DETECTIVE ROBERT AASHEIM and LIEUTENANT
PATTERSON, continued their attempt to gain entry into the subject
premises, until they succeeded in literally ripping the front door off
its hinges.

45.     That in fact, at the very moment that the defendant officers were
attempting to gain entry into the subject premises, the plaintiff was on
the telephone, reporting their actions to the Civilian Complaint
Review Board's ("CCRB") automated complaint line.

46.     Upon gaining entry into the subject premises, the defendant officers
assaulted the plaintiff, the same person whose purported need for
medical assistance they had used as the basis to forcibly and
unlawfully gain entry into the subject premises, by violently pushing
her.

47.     That upon gaining entry into the subject premises, the defendant
officers immediately assaulted and arrested the plaintiff's sons, and
thereafter ordered, the plaintiff out of her apartment, and into the
hallway directly outside of the subject premises.

48.     At that time, the plaintiff observed her daughter Onekar Faltine[5], who lived and still lives on the same floor, of the building within which the subject premises is located.

49.     That upon arriving in the hallway, the plaintiff also observed that the defendant officers had taped up a surveillance camera that was located directly above the front door to the subject premises, in order to cover up their unlawful and illegal actions.

50.     That upon arriving in the hallway, the plaintiff also observed that the defendant officers had taped up the peep hole of the front door to the apartment that was directly in front of the subject premises, in order to ensure that her neighbors would not directly observe their unlawful and illegal actions.

51.     That Onekar Faltine took custody of the plaintiff's grandsons.

52.     That the plaintiff was then escorted outside of the building within which the subject premises is located, and into an ambulance.

53.     That based upon the defendant officers' actions, the plaintiff was compelled to seek immediate medical attention as a result of an elevation of her pre-existing high blood pressure condition, and an anxiety attack she suffered.

54.     That the plaintiff was subsequently taken to Brookdale Hospital & Medical Center, where she was diagnosed with, and treated for Hypertension and Anxiety, and thereafter released.

55.     That after the subject premises was emptied of its occupants, in fulfillment of their original intention, the defendant officers POLICE OFFICER WILLIAM SCHUMACHER (Shield # 04618), LIEUTENANT JOSEPH HAYWARD (Tax #923936), and other defendant officers whose identities are not presently known, proceeded to unlawfully search the subject premises, and in so doing, damaged and/or destroyed personal property contained therein.

---

[5] Onekar Faltine is a Corrections Officer employed by the New York City Department of Corrections.

56.     That nothing unlawful or illegal was found in the subject premises by the defendant officers.

57.     That after the plaintiff was released from the hospital, upon return to her premises, she found out that two officers had been stationed there, and instructed that no one, including the plaintiff, be permitted entry into the subject premises, because it was under "investigation".

58.     That as such, the plaintiff was compelled to remain outside of the front door to the subject premises, until approximately 08:30 a.m., when said officers were instructed to allow her entry therein.

59.     That the August 14, 2012 incident that forms the subject of the instant complaint is not the first time that year that the defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936) had supervised and/or gained forcible, unlawful and illegal entry into the premises of citizens.

60.     That in fact, prior to the August 14, 2012 incident, the defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936), had a habit of forcibly, unlawfully and illegally supervising and gaining entry into the premises of citizens without their consent.

61.     For instance, that prior to the August 14, 2012 incident that forms the subject of the present complaint, at approximately 01:00 a.m. on March 11, 2012, the defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936) had supervised the forcible, unlawful and illegal entry into premises known and described as 333 Georgia Avenue, #5H, Brooklyn, New York 11207 ("Georgia premises"), without the consent of the occupants.

62.     That on that occasion, the defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936) had accosted a female, namely Raquel Nunez, and instructed her to knock on the door of the Georgia premises, and when said door was opened by an infant, had forcibly entered into said premises without the consent of the occupants in order to conduct a search.

63.      Furthermore, the CCRB has substantiated a complaint that alleged that on January 8, 2012, defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936) had supervised the forcible, unlawful and illegal entry into premises known and described as 670 Elton Street, Brooklyn, New York 11207 ("Elton premises"), without the consent of the occupants.

64.      That rather than subjecting the defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936) to discipline for said unlawful actions, upon information and well-founded belief, the defendant CITY has in fact promoted[6] said defendant.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

65.      By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.      That on the date of the incident, the defendant officers searched and/or caused the plaintiff's residence/abode to be searched under false pretenses, without a warrant.

67.      As a result of the foregoing, the plaintiff's residence/abode was subjected to illegal and improper searches.

68.      The foregoing unlawful searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

69.      As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered property damage, a significant loss of privacy, humiliation, mental anguish, depression, and her constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

---

[6] Upon information and well-founded belief, said defendant has now been promoted to the rank of Captain.

## CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

70.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71.     Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to her constitutional rights, as more fully set forth above.

72.     The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of her constitutional rights, despite having had a realistic and reasonable opportunity to do so.

73.     As a consequence of said defendants' actions, the plaintiff suffered property damage, a significant loss of privacy, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

74.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.     The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

76.     The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the CITY and the NYPD.

77.     The aforementioned customs, policies, usages, practices, procedures and rules of the CITY and the NYPD include, but are not limited to the following unconstitutional practices:

Allowing the defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936) to supervise the forcible, unlawful, illegal and warrantless entry into premises of citizens, in order to conduct illegal and unlawful searches therein.

78. That the defendant CITY failed to supervise the defendant LIEUTENANT JOSEPH HAYWARD (Tax #923936), and stop him from committing said illegal and unlawful actions.

79. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY and the NYPD, constituted a deliberate indifference to the safety, well-being and constitutional rights of all citizens, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

(a) The right of the plaintiff to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to her by the Fifth and Fourteenth Amendments to the Constitution of the United States.

80. As a result of the actions of the defendants, the plaintiff was deprived of her rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully entered and searched the plaintiff's property, thereby depriving said plaintiff of her privacy without due process of law.

81.     The defendant officers were the actual agents of the defendant CITY and the NYPD and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages she suffered.

82.     The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant CITY and the NYPD, and the CITY and the NYPD had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

83.     The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law.

<u>CAUSE OF ACTION: PROPERTY DAMAGE</u>

84.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 83 inclusive, with the same force and effect as though more fully set forth at length herein.

85.     That by reason of the defendants' actions as described above, the plaintiff sustained extensive and substantial property damage, and loss of use of her apartment.

86.     This action, upon information and belief, falls within one or more of the exceptions of New York Civil Practice Law & Rules ("CPLR") 1602.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1.     For compensatory damages against each and all defendants in an amount to be proven at trial;

2.     For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3.     For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;

4.     For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands

a trial by jury.

Dated: Brooklyn, New York
　　　　November 3, 2013

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku (AM5872)
Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994